**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                              Case No: 11-37510-RAM
                                                                        Chapter 13
MIGUEL VALVERDE AND
IVON VALVERDE
_____Debtors_____ /

**MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN**
<u>**ON REAL PROPERTY**</u>

**IMPORTANT NOTICE TO CREDITORS:**
**THIS IS A MOTION TO VALUE YOUR COLLATERAL**

**This Motion seeks to value collateral described below securing the claim of the creditor listed below.**

---

**IF YOU DISPUTE THE VALUE ALLEGED OR TREATMENT OF YOUR CLAIM PROPOSED IN THIS MOTION, YOU MUST FILE A WRITTEN OBJECTION NO <u>LATER THAN TWO BUSINESS DAYS PRIOR TO THE SCHEDULED HEARING</u> <u>[SEE LOCAL RULE 3015-3(A)(2)]</u>**

**If you have not filed a proof of claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4)]**

1.      Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, and Local Rule 3015-3, the debtor seeks to value real property securing the claim of <u>Bank United (Loan No. xxxxxx9555</u> (" the Lender"). Lender holds a mortgage recorded at OR Book ___26090___ Page _228_ in the official records of _Miami-Dade_ County, Florida.

2.      The real property is located at  <u>14551 SW 176th Terrace, Miami, FL 33177</u>, and is more particularly described as follows:

Lot 7, Block 2, SUMMERWIND SUBDIVISION, according to the Plat thereof, as recorded in Plat Book 151, Page 39, of the Public Records of Miami-Dade County, Florida.

LF-77 (rev. 08/01/11)                        Παγε 1 οφ 4

3.     At the time of the filing of this case, the value of the real property is $ 120,949.00  as determined by  Miami-Dade County Property Appraiser's Office.

4.      Seterus / Chase Home Finance (Loan No. xxxxxx5847) hold liens on the real property, senior to priority to Lender, securing claims in the aggregate amount of $185,477.77.

5.     *(Select only one):*

   x    Lender's collateral consists solely of the debtor's principal residence.  As there is no equity in the real property after payment in full of the claims secured by liens senior to that of Lender, the value of Lender's secured interest in the real property is $0.

   ___   Lender's collateral is not solely the debtor's principal residence.  After payment in full of the claims secured by liens senior to that of Lender, there is equity of $ _____ remaining in the real property. Accordingly, the value of Lender's secured interest in the real property is $ _____ and the value of the Lender's unsecured, deficiency claim is $ _____.

6.     The undersigned reviewed the docket and claims register and states (select only one):

   ___   Lender has not filed a proof of claim in this case.  The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

or

   x    Lender filed a proof of claim in this case.  It shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim.

7.     The subject real property may not be sold or refinanced without proper notice and further order of the court.

**WHEREFORE,** the debtor respectfully requests an order of the Court (a) determining the value of the real property in the amount asserted in this Motion, (b) determining the secured status of the Lender's lien as stated above, (c) determining that any timely filed proof of claim is

classified as stated above, (d) if Lender's secured interest in the real property is determined to be $0, deeming Lender's mortgage on the real property void and extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case, and (e) providing such other and further relief as is just.

## NOTICE IS HEREBY GIVEN THAT:

1.      In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at least two (2) business days prior to the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without further notice, hearing or order of the Court.  Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.

2.      The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

CERTIFICATE OF SERVICE *AND COMPLIANCE*
*WITH LOCAL RULES 3015-3(A)(1) AND 9073-1(D)*

I hereby certify that a copy of this Motion and Notice of Hearing and the clerk's "Notice of Chapter 13 Bankruptcy Case" and chapter 13 plan was served pursuant to Bankruptcy Rule 7004 on the chapter 13 trustee and the following affected parties on this 9th day of April 2012.

Nancy Herkert, Trustee
ECF Registered User

BankUnited Financial Corporation, R.A.
Joseph J. Luzinkski
200 South Biscayne Boulevard, Suite 1818
Miami, FL 33131

BankUnited Financial Corporation
c/o John A. Kanas, CEO
255 Alhambra Circle
Coral Gables, FL 33134

Bank United
c/o Kahane & Associates, P.A.
Attn: Jason Weber, Esq.
8201 Peters Road
Suite 3000
Plantation, FL 33324

Chase Mortgage now known as
Federal National Mortgage Association
c/o Popkin & Rosaler, P.A.
1701 West Hillsboro Boulevard
Suite 400
Deerfield Beach, FL 33442

Submitted By:

/s/ Robert Sanchez

Robert Sanchez, Esq.
Robert Sanchez, P.A.
900 W 49th Street, Ste 500
Hialeah, FL 33012
Tel: (305) 687-8008
Fl Bar No. 0442161

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                          CASE NO. 11-37510-RAM
                                                                CHAPTER 13
MIGUEL ANGEL VALVERDE,
IVON VALVERDE,

        Debtors.


FEDERAL NATIONAL MORTGAGE
ASSOCIATION,                                                    Adversary Case No. 11-03116-RAM

        Plaintiff

v.

BANKUNITED,

        Defendant.
_____/

## JOINT STIPULATION FOR SETTLEMENT AND AGREED MOTION FOR RELIEF FROM COURT ORDERED APPEARANCES AND DEADLINES

        Plaintiff, Federal National Mortgage Association, and Defendant, BankUnited, by and through their undersigned counsel, hereby stipulate to the following:

        1.      This is an action for declaratory relief under and pursuant to Chapter 86, Fla. Stat. and 28 USC §§ 2201 and 2202.

        2.      The parties to this Stipulation have settled their differences amicably and wish to confirm and advise the Court of the settlement of all matters pending between them.

        3.      Within 15 days of this Stipulation, BankUnited has agreed that it will execute and deliver to Plaintiff's counsel the original subordination agreement in recordable form in favor of Plaintiff Federal National Mortgage Association, a copy of which is attached hereto as Exhibit "A."

        4.      The parties have agreed and stipulate that each will bear its own attorney's fees and costs and that they will make no further claims against the other arising from or pertaining to the

matters raised in this action.

5.      Upon receipt and recording of the executed subordination agreement, a Stipulation for Dismissal shall be filed with the Court, a copy of which is attached hereto as Exhibit "B".

6.      Based upon the settlement of the referenced claim, Plaintiff shall cancel the deposition of Defendant BankUnited which is presently set for March 16, 2012 at 10:00am.

7.      The parties request that the Court cancel the hearing scheduled on March 20, 2012 at 1:30 p.m. on BankUnited's Motion to Dismiss for Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012.

8.      The parties also hereby move for an order relieving them of all future deadlines and requirements, including those concerning appearance at the pretrial conference and trial, contained in the Court's Order (1) Setting Briefing Schedule and Hearing on Motion to Dismiss (2) Granting Motion to Continue Pretrial, and (3) Denying as Moot Motion for Hearing Prior to March 1, 2012, which was entered on February 3, 2012.

9.      The parties request that the Court approve and ratify this Stipulation for Settlement and make it an order of the Court and that it retain jurisdiction to enforce the terms of same. The parties may also request that the Court enter such other orders as may be necessary to clear title and effectuate the intent of their settlement agreement.

Wherefore, Plaintiff Federal National Mortgage Association and Defendant BankUnited respectfully request that the Court ratify and approve this Stipulation for Settlement, that it enter an order granting their agreed motion for relief from further court appearances and deadlines and that the Court award such other and further relief as the Court deems proper.

DATED:  March 14, 2012

S/Cynthia M. Ramos
Cynthia M. Ramos, Esq.
Florida Bar No. 958557
**SHAPIRO RAMOS, a professional association**
19 West Flagler Street, Suite 516
Miami, FL 33130
Tel.: (305) 374-0052 /Fax: (305) 374-7320
Email: cmr@shapiroramos.com
Counsel for Plaintiff

S/Anna Marie Hernandez, Esq.
Anna Marie Hernandez, Esq.
Florida Bar No. 502911
**BROAD AND CASSEL**
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
Tel.: (305) 373-9400/Fax: (305) 995-6446
Email: ahernandez@broadandcassel.com
Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the indicated method to the persons on the attached service list on this 14 day of March, 2012.

BROAD AND CASSEL
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
Tel.: (305) 373-9400/Fax: (305) 995-6446
Counsel for Defendant BankUnited

By: S/Anna Marie Hernandez, Esq.
    Anna Marie Hernandez, Esq.
    Florida Bar No. 502911

## SERVICE LIST

<u>Via CM/ECF</u>:

Cynthia M. Ramos, Esq.
**SHAPIRO RAMOS, a professional association**
19 West Flagler Street, Suite 516
Miami, FL 33130
Tel.: (305) 374-0052 /Fax:  (305) 374-7320
Email: cmr@shapiroramos.com

<u>Via US Mail</u>

Robert Sanchez, Esq.
Attorney for Debtor(s)
900 West 49 Street, Suite 500
Hialeah, FL 33012

Jason A. Weber, Esq.
Kahane & Associates, P.A.
8201 Peters Road, Suite 3000
Plantation, FL 33324

Nancy Herkert, Trustee
P.O. Box 279806
Miramar, FL 33027

U.S. Trustee
Office of the US Trustee
51 SW 1st Avenue, Suite 1204
Miami, FL 33130

Brian L. Rosaler, Esq.
Popkin & Rosaler, P.A.
1701 West Hillsboro Blvd., Suite 400
Deerfield Beach, FL 33442

Miguel Angel Valverde
14551 SW 176 Terrace
Miami, FL 33177

Ivon Valverde
14551 SW 176 Terrace
Miami, FL 33177

Exhibit A

This Instrument Prepared By:
Cynthia M. Ramos, Esq.
Shapiro Ramos, P.A.
19 West Flagler Street, Suite 516
Miami, Florida 33130

## SUBORDINATION AGREEMENT

WHEREAS, the undersigned is the owner and holder of that certain Mortgage dated November 27, 2007 and recorded on December 6, 2007 in Official Records Book 26090 at page 0228 of the public records of Miami Dade County, Florida executed by Miguel A. Valverde a/k/a Miguel Valverde and Ivon Valverde, husband and wife, in favor of BankUnited, FSB;

WHEREAS, the undersigned is the owner and holder of that certain Final Judgment dated September 28, 2011 and entered in the case styled BankUnited, Plaintiff v. Miguel A. Valverde, et al under case number 11-11752 CA 32 issued by the Circuit Court in and for the Eleventh Judicial Circuit in and for Miami Dade County, Florida, said Final Judgment being recorded in Official Records Book 27843 at page 706 of the public records of Miami Dade County, Florida (hereinafter "the Final Judgment");

WHEREAS, the above Mortgage and the Final Judgment encumber the following described property:

Lot 7, Block 2, Summerwind Subdivision, according to the plat thereof, as recorded in Plat Book 151 at page 39 of the public records of Miami Dade County, Florida

The property has a street address of 14551 SW 176 Terrace, Miami, FL 33177.

which property has been mortgaged by Miguel Angel and Ivon Valverde as husband and wife, to JP Morgan Chase, its successors and assigns (hereinafter called "the Chase Mortgage" regardless of the current holder) to secure a mortgage loan in the amount of $197,100 made on or about March 10, 2007 and recorded on March 20, 2007 in Official Records Book 7429 at Page 1907 of the Public Records of Pasco County, Florida;

WHEREAS, the Chase Mortgage was intended to be and should have been recorded in the public records of Miami Dade County, Florida but was recorded in the public records of Pasco County, Florida in error; and

WHEREAS, the Chase Mortgage is now held by Federal National Mortgage Association following that certain assignment of mortgage dated October 28, 2010 and recorded in Official Records Book 8462 at page 1140 also in the public records of Pasco County, Florida.

Page 1 of 2

WHEREAS, Federal National Mortgage Association and the undersigned agree that the Chase Mortgage currently held by Federal National Mortgage Association is a first lien, superior in right and dignity to the Mortgage and the Final Judgment held by the undersigned; and

NOW, THEREFORE, for and in consideration of One ($1.00) Dollar and other consideration in hand paid by or on behalf of Federal National Mortgage Association, the receipt and sufficiency of which are hereby acknowledged, the undersigned does hereby represent, warrant, covenant and agree as follows:

1.      That the Mortgage and Final Judgment held by the undersigned and described in the first and second paragraphs of the preamble of this agreement, are still owned by the undersigned and that said interests have not been assigned, transferred or pledged to any person whomsoever, so that the undersigned has full right and authority to execute this Subordination Agreement.

2.      That the Mortgage and Final Judgment described in the first and second paragraphs of the preamble of this Agreement are and for all times hereafter shall be inferior and subordinate in lien, right and dignity to the Chase Mortgage hereinabove described, just as though the Chase Mortgage had been recorded in the public records of Miami Dade County, Florida prior to the recording of the Mortgage and the Final Judgment held by the undersigned and herein subordinated.

3.      That this Subordination Agreement in no way is intended to waive or satisfy any and all claims held by the undersigned against Miguel Angel and Ivon Valverde arising under the Mortgage and or Final Judgment described above. All such claims remain in full force and effect.

IN WITNESS WHEREOF, the undersigned has hereunto set his hand this _____ day of March, 2012.

BankUnited

By:_____
Print Name: _____
Its: _____

STATE OF FL)

                       ss:

COUNTY OF MIAMI DADE )

The foregoing instrument was acknowledged before me this _____ day of March, 2012, by _____, as _____ of BankUnited on behalf of said entity, who is personally known to me or produced _____ as identification.

_____
Notary Public, State of FL

My Commission Expires:

Page 2 of 2

Exhibit B

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                    CASE NO. 11-37510-RAM
                                                          CHAPTER 13
MIGUEL ANGEL VALVERDE,
IVON VALVERDE,

            Debtors.


FEDERAL NATIONAL MORTGAGE
ASSOCIATION,                                              Adversary Case No. 11-03116-RAM

            Plaintiff

v.

BANKUNITED,

            Defendant.
_____/

## STIPULATION FOR DISMISSAL

Plaintiff, Federal National Mortgage Association, and Defendant, BankUnited, by and through their undersigned counsel, do hereby stipulate and agree that based on the parties' settlement of this matter, this action is hereby dismissed with each party to bear its own attorney's fees and costs.

DATED:  March _____, 2012

S/Cynthia M. Ramos                             S/Anna Marie Hernandez, Esq.
Cynthia M. Ramos, Esq.                         Anna Marie Hernandez, Esq.
Florida Bar No. 958557                         Florida Bar No. 502911
**SHAPIRO RAMOS, a professional association**  **BROAD AND CASSEL**
19 West Flagler Street, Suite 516              2 South Biscayne Blvd., 21st Floor
Miami, FL 33130                                Miami, FL 33131
Tel.: (305) 374-0052 /Fax:  (305) 374-7320     Tel.: (305) 373-9400/Fax: (305) 995-6446
Email: cmr@shapiroramos.com                    Email: ahernandez@broadandcassel.com
Counsel for Plaintiff                          Counsel for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via the indicated method to the persons on the attached service list on this _____ day of March, 2012.

**SHAPIRO RAMOS**, a professional association
Counsel for FNMA
19 West Flagler Street, Suite 516
Miami, FL 33130
Telephone: (305) 374-0052 /Fax: (305) 374-7320
Email: cmr@shapiroramos.com

By: S/Cynthia M. Ramos
    CYNTHIA M. RAMOS
    Florida Bar No. 958557

## SERVICE LIST

### Via CM/ECF:

Anna Marie Hernandez, Esq.
Broad and Cassel
One Biscayne Tower, 21st Floor
2 South Biscayne Blvd.
Miami, FL 33131
ahernandez@broadandcassel.com
Counsel for Defendant BankUnited

### Via US Mail

Robert Sanchez, Esq.
Attorney for Debtor(s)
900 West 49 Street, Suite 500
Hialeah, FL 33012

Jason A. Weber, Esq.
Kahane & Associates, P.A.
8201 Peters Road, Suite 3000
Plantation, FL 33324

Nancy Herkert, Trustee
P.O. Box 279806
Miramar, FL 33027

U.S. Trustee
Office of the US Trustee
51 SW 1st Avenue, Suite 1204
Miami, FL 33130

Brian L. Rosaler, Esq.
Popkin & Rosaler, P.A.
1701 West Hillsboro Blvd., Suite 400
Deerfield Beach, FL 33442

Miguel Angel Valverde
14551 SW 176 Terrace
Miami, FL 33177

Ivon Valverde
14551 SW 176 Terrace
Miami, FL 33177